# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> CARNEY'S POINT TOWNSHIP, ) </br> ) </br> Defendant. ) | Civ. No. 23-858-CFC |
| RENEE A. CHRUSTOWSKI, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> DELAWARE DEPARTMENT OF ) </br> LABOR, *et al.*, ) </br> ) </br> Defendants. ) | Civ. No. 24-407-CFC |
| RENEE A. CHRUSTOWSKI, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> CITI BANK FINANCIAL, *et al.*, ) </br> ) </br> Defendants. ) | Civ. No. 24-554-CFC |

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELLY M. CHRUSTOWSKI, *et al.*, )<br>)<br>Defendants. )<br>) | Civ. No. 24-813-CFC |
| RENEE A. CHRUSTOWSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARCHER & GREINER, *et al.*, )<br>)<br>Defendants. )<br>) | Civ. No. 24-814-CFC |
| RENEE A. CHRUSTOWSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, *et al.*, )<br>)<br>Defendants. )<br>) | Civ. No. 24-1247-CFC |

2

## **MEMORANDUM ORDER**

At Wilmington, this Twenty-Fourth day of February 2025, having assessed the Complaints filed by Plaintiff Renee A. Chrustowski in each of the above-captioned cases, pursuant to 28 U.S.C. § 1915(e)(2)(B), IT IS HEREBY ORDERED that each of the actions is **DISMISSED** as frivolous.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

In each Complaint, Plaintiff alleges harassment, discrimination, or both, in addition to other claims (both civil and criminal in nature) like retaliation, false statements, defamation, extortion, assault, and theft or misuse of personal information. Plaintiff claims numerous injuries with no clear relation to the causes of action asserted, or the underlying factual allegations, including (but not limited to) asthma, seasonal allergies, hyperthyroidism, Graves' disease, epilepsy, rashes,

3

ulcers, and blisters. In each case, Plaintiff seeks $100 million or $200 million in money damages.

The protected basis for Plaintiff's discrimination and harassment claims goes unmentioned, except in one instance where Plaintiff states that she is "a single white female in the protected age group."[1] (D.I. 2-1 at 3, *Chrustowski v. Equal Employment Opportunity Commission, et al.*, 24-cv-1247-CFC.) In another case, Plaintiff asserts that she is "continually being harassed" and "constantly being retaliated against and discriminated against." (*See* D.I. 1 at 4, *Chrustowski v. Carney's Point Township*, 23-cv-858-CFC.) No Complaint includes factual allegations from which the Court can infer discrimination or harassment based on age or any other protected ground. Throughout, Plaintiff's statements of fact render the asserted causes of action clearly baseless, and they also introduce fatal issues with jurisdiction, immunity, and timeliness.

Briefly reviewing the Complaints in chronological order of filing, first, Plaintiff alleges that law enforcement officers in a New Jersey Township neglected to help her in 2006 when she reported harassment. (*See id.*) Plaintiff believes that this lack of assistance both amounted to discrimination and prompted her to have a seizure. (*See id.*)

---

[1] In the same case, Plaintiff lists her date of birth as August 6, 1980, rendering her forty-four years of age. (D.I. 2-1 at 5, *Chrustowski v. Equal Employment Opportunity Commission, et al.*, 24-cv-1247-CFC.)

Second, Plaintiff alleges that, between 2018 and 2024, the Delaware Department of Labor (DDOL) and its employees in their official capacities determined Plaintiff to be ineligible for benefits and ~~, but~~ this determination was based on incorrect statements about Plaintiff being in school or training, which Plaintiff believes amounts to harassment and discrimination. (*See* D.I. 1 at 4, 6, *Chrustowski v. Delaware Department of Labor, et al.*, 24-cv-407-CFC.)

Third, Plaintiff alleges that, between 2006 and the present, Citi Bank hired Shelly Chrustowski, with whom Plaintiff resides in Delaware, Citi Bank permitted its employees to work from home, and Citi Bank trained Shelly Chrustowski "to assault, harass, defame, [and] slander" Plaintiff. (*See* D.I. 2 at 6, *Chrustowski v. Citi Bank Financial, et al.*, 24-cv-554-CFC.) This amounts to a fantastic or delusional factual scenario.

Fourth, Plaintiff alleges that, on unknown dates, Shelly Chrustowski used Plaintiff's "personal information/paperwork" against Plaintiff in their home in Delaware, Shelly Chrustowski's boyfriend was rude and inappropriate to Plaintiff in the home, and the pet dog of Shelly Chrustowski's boyfriend was poorly behaved in the home, which Plaintiff believes amounts to harassment and assault. (D.I. 2 at 6, *Chrustowski v. Chrustowski, et al.*, 24-cv-813-CFC.)

Fifth, Plaintiff alleges that, at some point between 2000 and 2024, she was dissatisfied with another court's ruling in a prior employment discrimination lawsuit

5

that she initiated, which Plaintiff believes amounts to discrimination. (D.I. 2 at 4-6, *Chrustowski v. Archer & Greiner, et al.*, 24-cv-814-CFC.)

Sixth, the most recent Complaint names the Equal Employment Opportunity Commission (EEOC) and its Chair as Defendants but includes no allegations against them.[2] (*See* D.I. 2, *Chrustowski v. Equal Employment Opportunity Commission, et al.*, 24-cv-1247-CFC.) All allegations pertain to a former employer against whom Plaintiff already raised employment discrimination claims in a separate civil action, where the Court has granted Plaintiff leave to amend. (*See* D.I. 16, *Chrustowski v. Louis DeJoy, et al.*, 24-cv-37-CFC.)

None of the Complaints in the above-captioned cases include factual allegations from which the Court can discern any actionable claim within its jurisdiction. Plaintiff's claims are clearly baseless, rendering the Complaints frivolous, and warranting dismissal with prejudice.

The Clerk of Court is directed to **CLOSE** the above-captioned cases.

_____
Chief Judge

---

[2] To the extent that Plaintiff intends to allege discrimination or harassment by the EEOC based on the April 24, 2023 issuance of a Notice of Right to Sue, which made no determination regarding Plaintiff's claims against her employer, the Court finds this to be indisputably meritless. (*See* D.I. 2-1 at 1, *Chrustowski v. Equal Employment Opportunity Commission, et al.*, 24-cv-1247-CFC.)